THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE WALTON GREEN, Appellant, *v.* ROBERT A. VAN WYCK, Mayor of the City of New York, Respondent.

SAME ex rel. JOHN J. TUCKER, Appellant, *v.* SAME, Respondent.

SAME ex rel. HENRY W. CANNON, Appellant, *v.* SAME, Respondent.

NEW YORK CITY — POWER OF MAYOR TO REMOVE AQUEDUCT COMMISSIONERS. By force of chapter 11 of the Laws of 1895, which operated to amend chapter 490 of the Laws of 1883, and which, by force of section 1608 of the Greater New York charter (L. 1897, ch. 378), is continued as an existing law, the mayor of the city of New York, whose term commenced January 1, 1898, had power, at any time within six months after the commencement of his term, to remove at pleasure an aqueduct commissioner appointed under the act of 1883 as amended in 1888, although, through section 518 of the charter, that act is excepted from the provisions of section 95, which gives the mayor the power to remove.

*People ex rel. Green* v. *Van Wyck*, 34 App. Div. 573, affirmed; *People ex rel. Tucker* v. *Van Wyck*, 34 App. Div. 630, affirmed; *People ex rel. Cannon* v. *Van Wyck*, 34 App. Div. 630, affirmed.

(Argued June 5, 1899; decided June 13, 1899.)

APPEALS from orders of the Appellate Division of the Supreme Court in the first judicial department, entered December 3, 1898, affirming the proceedings of the defendant and dismissing writs of certiorari issued to review the same.

The facts, so far as material, are stated in the opinion in the *Green* case.

*Elihu Root* and *David J. Gallert* for appellants. The mayor had no power to remove the relators except for cause after an opportunity to be heard. (L. 1897, ch. 378, § 518; L. 1883, ch. 490; L. 1888, ch. 584, § 37; L. 1882, ch. 410, § 108; *Harrington* v. *Trustees of Rochester,* 10 Wend. 547; *Met. Board of Health* v. *Schmades,* 3 Daly, 282; *Ottman* v. *Hoffman,* 7 Misc. Rep. 714; *McKenna* v. *Edmundstone,* 91 N. Y. 231; *Matter of Central Park,* 50 N. Y. 493; *Matter of the Evergreens,* 47 N. Y. 216; *B. C. Assn.* v. *City of Buffalo,* 118 N. Y. 61; *Van Denburgh* v. *Vil. of Greenbush,* 66 N. Y. 1; *Whipple* v. *Christian,* 80 N. Y. 523; *People ex rel.* v. *Waring,* 1 App. Div. 594.) The court below erred in supposing that the fact that chapter 11 of the Laws of 1895 vested in the mayor of the old city of New York a power of removal during the first six months of his term affects these cases. (L. 1883, ch. 490; *People ex rel.* v. *Nixon,* 158 N. Y. 221.) The power which the mayor has to remove aqueduct commissioners is a judicial power, and a writ of certiorari will lie to review his action. (*People ex rel.* v. *City of Brooklyn,* 103 N. Y. 370; *People ex rel.* v. *City of Brooklyn,* 106 N. Y. 64; *People ex rel.* v. *City of Brooklyn,* 106 N. Y. 653; *People ex rel.* v. *City of Brooklyn,* 106 N. Y. 676; *People ex rel.* v. *Ennis,* 7 N. Y. Supp. 630; *Matter of Freeman,* 50 N. Y. Supp. 520.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. By virtue of section 95 of the charter the respondent had the power to remove the relators. (*People ex rel.* v. *Feitner,* 30 App. Div. 241; 156 N. Y. 694; *Matter of Carey* v. *Wurster,* 31 App. Div. 553.) There is no force in the contention that the mayor's power of removal is restricted by the provisions of chapter 584 of the Laws of 1888. (*Easton* v. *Pickersgill,* 55 N. Y. 310; *Power* v. *Vil. of Athens,* 99 N. Y. 592; L. 1897, ch. 378, § 1608; *People ex rel.* v. *Nixon,* 158 N. Y. 221; *Girard* v. *City of Philadelphia,* 7 Wall. 1; *Broughton* v. *City of Pensacola,* 93 U. S. 266.) It is well settled

that title to an office cannot be tried in a certiorari proceeding, and it is equally well settled that where a party has another remedy the writ will be quashed. (*State* v. *Board of Public Works*, 48 N. J. L. 428; *State* v. *Van Brocklin*, 8 Wash. 557; *Koch* v. *Mayor, etc.*, 152 N. Y. 72.)

HAIGHT, J.   George Walton Green, the relator, was a duly appointed and acting aqueduct commissioner in the city of New York under chapter 584 of the Laws of 1888.   On the first day of January, 1898, he was removed from such office by the defendant, Robert A. Van Wyck, the mayor of the city of New York, without previous notice or hearing had on charges, and without the approval of the governor.   It was to review these proceedings that the writ of certiorari was issued in this case.

The power of the mayor to remove the relator depends upon the construction that should be given to the statute.

Section 95 of the Greater New York charter provides that " At any time within six months after the commencement of his term of office the mayor, elected for a full term, may, whenever in his judgment the public interests shall so require, remove from office any public officer holding office by appointment from the mayor, except members of the board of education and school boards, and except also judicial officers for whose removal other provision is made by the constitution.   After the expiration of said period of six months, any such public officer may be removed by the mayor for cause upon charges preferred and after opportunity to be heard, subject, however, before such removal shall take effect to the approval of the governor expressed in writing."

The removal in this case took place within the six months after the defendant became mayor of the city, and were it not for the fact that this statute is materially modified by another provision of the charter, it would furnish the mayor with ample power to make the removal; but upon pursuing the provisions of the charter we find that section 518 provides that " Nothing in this act contained shall be deemed or con-

strued to repeal, or in any wise affect chapter 490 of the Laws
of 1883, entitled ' An act to provide new reservoirs, dams and
a new aqueduct with the appurtenances thereto for the pur-
pose of supplying the city of New York with an increased
supply of pure and wholesome water,' or the several acts
amendatory thereof, but the said act and its amendments shall
remain in full force and effect, provided that the commis-
sioners therein specified, shall not hereafter begin the construc-
tion of any new work, except such as may be properly and
necessarily appurtenant to work, the construction of which
has been begun before the date upon which this act takes effect.
The term of office of the commission appointed and existing
under the aforesaid act shall cease and determine on the first
day of January, 1901, and thereupon all papers, documents
and records in the possession of the aqueduct commission
shall be delivered to the commissioner of water supply, who
shall continue and complete, in the manner provided by this
act, all work of every kind and description whatsoever left
uncompleted by the said commission." It is quite apparent
that, reading these two provisions of the charter together,
it was the purpose of the legislature to preserve chapter 490
of the Laws of 1883, with all amendments made thereto,
independent of the charter of Greater New York, until the
year 1901, and the provision of section 518 to the effect
that nothing in the charter contained shall be deemed or
construed to repeal or in any wise affect such statute operates
to except it from the provisions of section 95, which gives
the mayor the power to remove. We are thus brought
to a consideration of the statutes as they existed prior to the
adoption of the Greater New York charter and which have
been expressly preserved by it. By chapter 490 of the Laws
of 1883, as amended by chapter 584 of the Laws of 1888,
section 37, it is provided that " Any of said aqueduct com-
missioners appointed by the mayor, or his or their successor or
successors, may be removed by the mayor, subject to the
approval of the governor, in the manner provided for the
removal of heads of departments of the government of the

city of New York, by chapter 410 of the Laws of 1882." That chapter provided that the "Heads of all departments * * * may be removed by the mayor for cause, and after opportunity to be heard, subject, however, before such removal shall take effect, to the approval of the governor, expressed in writing." (§ 108.) If this was all the legislation there was upon the subject we should have no hesitancy in concluding that the mayor exceeded his jurisdiction and that he had not complied with the provisions of the statute in making the removal in question, but, by chapter 11 of the Laws of 1895, it was provided that "At any time within six months after the commencement of his term of office, the mayor of the city of New York, elected for a full term, may, at pleasure, remove from office any public officer now or hereafter holding office by appointment from the mayor of said city, except judicial officers for whose removal other provision is made by the Constitution. After the expiration of the said period of six months any such public officer may be removed from office in the manner heretofore provided by law." This act repealed all acts or parts of acts inconsistent with the act. It will be observed that this enactment is not in terms an amendment of the law of 1883, but that its terms are broad, covering any public officer now or hereafter holding office by appointment under the mayor of the city, except judicial officers, etc., and that it repeals any inconsistent statute, and we think that it must be held that this provision, in law, operated to amend the law of 1883 so as to permit the mayor, within six months after the commencement of his term, to remove at pleasure a commissioner appointed under the provisions of that act.

The act of 1895, with some slight change, has been incorporated into the charter, becoming section 95, to which reference has already been made. Under section 1608 of the Greater New York charter it is provided that "So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said Consolidation Act, or of other acts of the legislature now in force relating to or affecting the municipal and public corporations, or any of them

65

herein united and consolidated, this act is intended to be not a new enactment, but a continuation of said Consolidation Act of 1882, and said other acts, and is intended to apply the provisions thereof as herein modified to the city of New York as herein constituted, and this act shall accordingly be so construed and applied." The effect of this provision is to continue the act of 1895 not as a new enactment but as a continuation of the existing law. So continuing it and construing it, it appears to give the mayor the power to make the removal in question.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN and MARTIN, JJ., concur; BARTLETT and VANN, JJ., dissent.

Orders affirmed.